IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

J.C. OTIS COLLINS                                                                                          PLAINTIFF

VS.                                            CASE NO. 4:06-CV-4104

NURSE PHILLIPS, WARDEN
GRIFFIN, NURSE NICHOLS,
and DR. STRINGFELLOW                                                                          DEFENDANTS

## **ORDER**

Before the Court is the Report and Recommendation filed July 30, 2008 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 45). Motions for Summary Judgment were filed on behalf of all named Defendants. Judge Bryant recommends that summary judgment be granted, and Plaintiff J.C. Otis Collins' *pro se* § 1983 civil rights complaint be dismissed as to Dr. Jerry Stringfellow and Warden Mike Griffin, but that motions for summary judgment filed on behalf of Nurse Phillips and Nurse Nichols be denied. Plaintiff Collins has responded with timely objections. (Doc. 46). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

In his Objections to the Report and Recommendation, Collins states that he "somewhat agrees" that his claims against Dr. Stringfellow should be dismissed, due to the fact that Dr. Stringfellow has been Collins' doctor since Collins' release from custody and has provided him satisfactory treatment. (Doc. 46, pg. 1). Collins disagrees that his claims against Warden Griffin should be dismissed, since Griffin "was in charge and everyone there respected him as being in charge and they did what he said." (Doc. 46, pg. 1). However, as Judge Bryant correctly noted in his Report and Recommendation, supervisory authority cannot form the basis for liability in a § 1983 lawsuit, *see Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 694, 98 S.Ct. 2018, 56

L.Ed.2d 611 (1978), and there is no evidence in the record indicating any personal involvement on the part of Warden Griffin in providing or denying medical care to Collins. As such, Collins' objections fail to dissuade the Court that his claims against Warden Griffin should be dismissed.

Conversely, Judge Bryant identified genuine issues of material fact concerning Collins' allegations of deliberate indifference on the part of Nurses Phillips and Nichols. Upon *de novo* review, the Court agrees with Judge Bryant hat the summary judgment record fails to support the motion. Specifically, the absence of medical records attesting to treatment–in the form of prescription medication–received by or denied to Collins between October 8, 2006, the date of his booking, and November 3, 2006 precludes the entry of judgment in favor of Nurses Phillips and Nichols pursuant to Fed. R. Civ. P. 56. Accordingly, the motion for summary judgment, with respect to Nurses Phillips and Nichols should be denied.

## CONCLUSION

For reasons stated herein and above, as well as those contained in Judge Bryant's Report and Recommendation, (Doc. 45), Motions for Summary Judgment filed on behalf of Dr. Stringfellow and Warden Griffin should be and hereby are **GRANTED**. Plaintiff's claims against Dr. Stringfellow and Warden Griffin are **DISMISSED WITH PREJUDICE**. In addition, Motions for Summary Judgment filed on behalf of Nurses Phillips and Nichols should be and hereby are **DENIED**.

**IT IS SO ORDERED**, this 8th day of September, 2008.

                                              /s/Harry F. Barnes
                                              Hon. Harry F. Barnes
                                              United States District Judge